ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JAN 13 PM 3:43
CLERK
SO. DIST. OF GA.

IN RE: LISTER W. HARRELL,     *
                                       *      Case No. 314-0128
      Debtor.                  *      (Bankr. Case No. 12-30112)

## O R D E R

On December 9, 2014, this Court denied the Appellant Lister W. Harrell's motion to proceed *in forma pauperis* and for appointment of counsel in this bankruptcy appeal. Mr. Harrell was given ten days to pay the required filing fee or face dismissal of the appeal. Prior to receipt of this Order, Mr. Harrell had caused to be filed a "Motion to Produce" and a "Motion for Extension of Time."[1] (Doc. No. 6.) Obviously, Mr. Harrell had not had the benefit of the Court's Order prior to filing these motions.[2]

---

[1] The motions are contained in a single filing, which is dated December 7, 2014. The Clerk received the filing on December 10, 2014.

[2] In his filing of December 10, 2014, Mr. Harrell seeks the "production" of, *inter alia*, 1) instructions on how to prosecute his appeal, including how to designate relevant portions of the record for appeal; 2) *in forma pauperis* forms and instructions; 3) transcripts of bankruptcy proceedings; 4) "communications" involving the trustees and the bankruptcy court; 5) all filed and unfiled "communications" from Mr. Harrell to the bankruptcy court; and 6) all evidence supporting the bankruptcy court's orders and proceedings. Mr. Harrell seeks an extension of time to correct the defects of

The Court first notes that Mr. Harrell's December 10, 2014 filing lists multiple bankruptcy court cases and district court appeals in its caption; accordingly, the filing has been docketed in eight cases in this Court and the underlying cases in the Bankruptcy Court. Mr. Harrell has filed an additional 13 appeals in this Court in the month of December 2014. Federal courts, however, are courts of limited jurisdiction. As a district court, this Court only has jurisdiction over three types of appeals from the Bankruptcy Court: (1) final judgments, orders, and decrees, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals increasing or reducing the time periods under 11 U.S.C. § 1121(d); and (3) all other interlocutory orders with leave of court, as described in 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001(b) & 8003. See generally 28 U.S.C. § 158(a). A final order in a bankruptcy court is "one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." In re Fulton, 111 F.3d 92, 93 (11th Cir. 1997) (citation omitted).

Mr. Harrell's practice over the last year of appealing every Order entered by the United States Bankruptcy Court will not be tolerated. The practice is nothing more than a shot-gun appellate approach that is causing undue hardship on the Clerk's

---

his appeal, including the failure to pay the filing fee. (Doc. No. 6.)

Office of the United States Bankruptcy Court, the United States District Court, and soon, the Eleventh Circuit Court of Appeals. Mr. Harrell is forewarned that he may not appeal interlocutory orders without also filing an appropriate motion for leave to appeal under Federal Rule of Bankruptcy Procedure 8003, and he must do so within fourteen days of entry of the subject order, Rule 8002. If Mr. Harrell continues on the current path, particularly without the payment of a filing fee, he may be deemed an abusive filer and appropriate sanctions will be levied, including but not limited to the return of any appellate filing to Mr. Harrell without filing.

Now, in consideration of the instant appeal, the Court is constrained to dismiss Mr. Harrell's appeal at this time. The Order from which he appeals is not a final order or judgment, but rather an interlocutory order[3]; and Mr. Harrell has not sought leave to file such appeal. Even if a motion for leave to appeal is not filed, however, the district court may still consider whether to "grant leave to appeal or direct that a motion for leave to appeal be filed." Fed. R. Bankr. P. 8003(c). Accordingly, this Court will consider whether leave to appeal should be granted on the strength of the record and the Notice of Appeal filed on November 19, 2014.

---

[3] The Bankruptcy Order appealed from denies Mr. Harrell's Motion to Extend Deadline Dates to Appeal.

In determining whether to grant discretionary interlocutory appeals from a bankruptcy court, the district court uses the same standard set forth in 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from district courts to the courts of appeals. Under § 1292(b), an appealing party must show that (1) the order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. District courts should allow interlocutory bankruptcy appeals sparingly. Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.").

Upon due consideration, the Court exercises its discretion and denies Mr. Harrell leave to appeal because he has not met the standard for a discretionary interlocutory appeal. Accordingly, **IT IS ORDERED** that the appeal be **DISMISSED**. The Clerk is directed to **CLOSE** the case, and all pending motions are **DENIED AS MOOT.**[4]

---

[4] On December 19, 2014, Mr. Harrell filed a Notice of Appeal to the Eleventh Circuit Court of Appeals, appealing the December 9, 2014 Order directing the payment of the filing fee. (Doc. No. 7) The Notice of Appeal was accompanied by a motion for leave to appeal *in forma pauperis* and motion to

4

**ORDER ENTERED** at Augusta, Georgia, this 13th day of January, 2015.

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

appoint counsel. (Doc. Nos. 8 & 9.) Because a final judgment or order had not been entered in this case at that point, Mr. Harrell's notice of appeal is premature and improper. Accordingly, his motion to proceed *in forma pauperis* and motion to appoint counsel are **DENIED AS MOOT**.